■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR FONSECA, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. — REYNOLDS, J. Appeal from a judgment of the Supreme Court, Clinton County, denying a writ of habeas corpus, without a hearing. In 1959 appellant, who had been indicted for felony murder in the first degree (former Penal Law, § 1044, subd. 2), was permitted, at the request of his assigned counsel, to withdraw his plea of not guilty to the indictment and to enter a plea of guilty to murder in the second degree (former Penal Law, § 1046) which was accepted. Appellant urges that it was improper to accept his plea to a crime requiring the element of intent for conviction (former Penal Law, § 1046) when the appellant had in fact been indicted by the Sullivan County Grand Jury for a crime which did not require the element of intent, to wit felony murder (former Penal Law, § 1044, subd. 2). We cannot agree with this contention. The acceptance of the plea was not an impermissible modification of the indictment by the court (*People* v. *Snelling,* 33 Misc 2d 735) and the inconsistency between felony murder and second degree murder did not render the conviction invalid (*People* v. *Ragonese,* 55 Misc 2d 105; *People* v. *Bofill,* 34 Misc 2d 574; *People* v. *Lyons,* 19 Misc 2d 606). Section 6 of article I of the New York Constitution or the precepts of due process do not mandate that all the elements of the crime to which a reduced plea is made be contained in the indictment, whereas here appellant sought the plea and freely accepted it as part of a bargain struck for his own benefit (*People* v. *Foster,* 19 N Y 2d 150). Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Reynolds, J.